IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER RAMIREZ MARTINEZ, | § § | |
| Movant, | § § | |
| v. | § § | No. 3:25-cv-03531-K |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Francisco Javier Ramirez Martinez's ("Movant") *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 1). For the reasons that follow, Movant is **GRANTED** 30 days from the date of this order to respond regarding the one-year statute of limitations, otherwise the section 2255 motion will be summarily dismissed as time barred.

### I. Background

On August 8, 2022, Movant pled guilty to possession with intent to distribute a controlled substance, aiding and abetting (Count 2). Crim. Doc. 56. He was later sentenced to 108 months in prison on August 16, 2023. Crim. Doc. 74. Movant's direct appeal was dismissed on June 17, 2024. Crim. Doc. 90.

On December 23, 2025, Movant filed this section 2255 motion. *See* Doc. 1. He raises four grounds challenging his conviction, all of which relate to the effectiveness of his defense counsel. *See id.* at 4–9.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and opportunity to respond. *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254). As set out below, Movant is granted an opportunity to respond to the statute of limitations ruling.

### A. Limitations

Movant does not contest that the one-year limitations period has run. *See* Doc. 1 at 10–11. His conviction became final on June 17, 2024 when the Fifth Circuit denied his direct appeal. *See United States v. Morgan*, 845 F.3d 664, 666 (5th Cir. 2017) ("A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires."). The one-year limitations period for seeking § 2255 relief therefore commenced on that date, and Movant's Section 2255 motion was due by June 17, 2025. Because Movant did not file his motion before that date, the motion is untimely absent equitable tolling. *See* Doc. 1 at 21.

Consequently, the section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

2

### B. Equitable Tolling

Movant posits no facts from which the Court can find that equitable tolling applies. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States*, ___ U.S. ___, 136 S. Ct. 750, 755-756 (2016). *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted). He merely claims that equitable tolling is necessary because he was unaware of the deadline and is "ignorant on researching law and utilizing the law library and its computer." Doc. at 10. But neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).

Accordingly, Movant cannot carry his burden of establishing that equitable tolling is warranted in this case. *Id.* at 365.

### III. Conclusion

Movant is **GRANTED** 30 days from the date of this order to explain why this case is not barred by the one-year statute of limitations or why the statute of limitations should be tolled on equitable grounds. Otherwise, the motion to vacate sentence

3

under 28 U.S.C. § 2255 will be summarily dismissed with prejudice as barred by the one-year statute of limitations.

**SO ORDERED.**

December 29th, 2025.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE